COPY

**McGuireWoods LLP**
Michael D. Mandel, Esq. (SBN 216934)
    Email: mmandel@mcguirewoods.com
Christopher A. Killens, Esq. (SBN 254466)
    Email: ckillens@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:   (310) 315-8200
Facsimile:   (310) 315-8210

Attorneys for Defendant
ACOSTA, INC. which will do business in
California as ACOSTA SALES AND
MARKETING

FILED

2014 FEB 12  PM 1: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KAREN BARRICK-ALVAREZ,

    Plaintiff,

    vs.

ACOSTA, INC., which will do business
in California as ACOSTA SALES AND
MARKETING; ACOSTA SALES
AND MARKETING; ACOSTA INC.;
and DOES 1 through 100, Inclusive

    Defendants.

CASE NO. SA CV14-00209-JVS (DFMx)

[Orange County Superior Court Case
No. 30-2013-00692554-CU-OE-CJC]

**DEFENDANT ACOSTA, INC.'S
NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT**

*Filed under Separate Cover:*

Declaration of Kathy Derenda

Complaint Filed:     December 12, 2013
Complaint Served:   January 13, 2014

54055715.1

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Acosta, Inc. ("Defendant" or "Acosta"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County Orange (the "State Court"), in which the action is currently pending, to the United States District Court for the Central District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446 and all other applicable bases for removal. In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1.      On or about December 12, 2013, Plaintiff Karen Barrick-Alvarez ("Plaintiff") commenced this civil action against Acosta captioned *Barrick-Alvarez v. Acosta, Inc., et al.*, Case No. 30-2013-00692554-CU-OE-CJC in the State Court by filing the Complaint (the "Complaint"). Attached hereto as Exhibit A is a true and correct copy of the Complaint.

2.      On or about January 13, 2014, Acosta, through its registered agent for service of process, was personally served with a copy of the Complaint.

3.      The following documents are also part of the process, pleadings and orders on file in the State Court Action:

        Exhibit B:   Summons on Complaint

        Exhibit C:   Civil Case Cover Sheet

        Exhibit D:   Notice of Case Assignment

        Exhibit E:   Proof of Service of Summons

        Exhibit F:   Notice of Case Management Conference

4.      Acosta is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

5.      Acosta is informed and believes and thereon alleges that no such business entity exists that is named "Acosta Sales and Marketing." *See* Declaration of Kathy Derenda  ("Derenda Decl."), ¶ 6.  Rather, Acosta Sales and Marketing is a trade name used by Acosta, Inc.  *Id.*  Moreover, Acosta is informed and believe and thereon alleges that there has been no service of process upon "Acosta Sales and Marketing." Accordingly, Acosta is the only named defendant whose consent is needed for this removal.

6.      Acosta is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).  Accordingly, Acosta is the only named defendant whose consent is needed for removal.

## **TIMELINESS OF REMOVAL**

7.      This action has not previously been removed to federal court.

8.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."  Acosta has filed this Notice of Removal within thirty days of January 13, 2014, the date Acosta was first served with the Summons and Complaint in this action.

///

///

///

## REMOVAL JURISDICTION – DIVERSITY

9.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal.

10.     As required by 28 U.S.C. § 1441, Acosta seeks to remove this case to the United States District Court for the Central District of California which is the District Court embracing the place where the State Court Action has been filed.

11.     In accordance with 28 U.S.C. § 1446(d), Acosta will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Acosta, because (1) there is complete diversity of citizenship between Plaintiff and Acosta; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CITIZENSHIP OF PARTIES

13.     **Plaintiff's Citizenship.**  Plaintiff is, and at all times relevant to this Complaint, has been, a resident and citizen of the State of California.  *See* Complaint [Exh. A], ¶ 1.  Further, Acosta is informed and believes and thereon alleges that Plaintiff has the intent to remain in California.

14.     **Acosta's Citizenship.**  As shown on the California Secretary of State's Business Entity website, Acosta is a Delaware corporation with its headquarters and principal place of business in Jacksonville, Florida:

///
///
///
///
///
///

## California Secretary of State Debra Bowen

common good   privacy   All people   Liberty   Speak   without discrimination

| Secretary of State | Administration | Elections | **Business Programs** | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page
Service Options
Name Availability
Forms, Samples & Fees
Statements of Information (annual/biennial reports)
Filing Tips
Information Requests (certificates, copies & status reports)
Service of Process
FAQs
Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

### Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, February 7, 2014. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| Entity Name: | ACOSTA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ACOSTA SALES AND MARKETING |
| --- | --- |
| Entity Number: | C3516546 |
| Date Filed: | 11/02/2012 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 6600 CORPORATE CTR PKWY |
| Entity City, State, Zip: | JACKSONVILLE FL 32216 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2710 GATEWAY OAKS DR STE 150N |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search   New Search   Printer Friendly   Back to Search Results

*See* URL at http://kepler.sos.ca.gov/cbs.aspx (last visited on February 11, 2014). *See also* Derenda Decl., ¶ 5.  At its corporate headquarters, Acosta's officers direct, control and coordinate its activities, and the majority of its executive and administrative functions are performed there. *Id.*  Thus, at least as of the date of the filing of this Notice of Removal, Acosta is not a citizen of the State of California but, is a citizen of the States of Delaware and Florida for the purpose of determining jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010) (for purposes of removal, the "principal place of

business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities.)

15.    Because Plaintiff is a citizen of the state of California and Acosta is a citizen of Delaware and Florida, complete diversity exists amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

16.    An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount.    *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).    To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied.    *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17.    In determining whether the amount in controversy exceeds $75,000.00, the Court must presume that Plaintiff will prevail on each and every one of her claims.    *See, e.g., Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994) (the amount-in-controversy analysis presumes that "plaintiff prevails on liability")).    In addition, the Court may look beyond the complaint to determine whether the amount in controversy is met.    *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

18.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.    *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).    The amount in controversy may

1   also include punitive damages and emotional distress.  *Gibson v. Chrysler Corp.*,

2   261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S., BankCorp.,* 432 F.3d 976, 980

3   (9th Cir. 2005).

4       19.   Here, although Acosta denies any liability as to Plaintiff's claims,

5   based on the allegations, claims, and prayer for relief set forth in the Complaint, the

6   amount in controversy in this action exceeds the sum of $75,000.

7       20.   **Unpaid Wages.**  Plaintiff alleges that Acosta failed to pay her straight-

8   time wages and overtime wages in violation of the California Labor Code.  But

9   Plaintiff does not allege any specific amounts of unpaid regular time or unpaid

10  overtime.  Rather, the Complaint alleges only that, since December 2010, "Plaintiff

11  worked *many hours* of regular time and/or overtime for which Plaintiff never

12  received compensation."  Complaint [Exh. A] at ¶ 11 (emphasis added).  At all

13  times relevant to this action, Plaintiff earned a base hourly rate of pay of $12.00 per

14  hour.  *See* Derenda Decl., ¶ 7.  For purposes of determining the value of Plaintiff's

15  claims for unpaid regular time and overtime wages, based upon Plaintiff's allegation

16  of working "many hours" of unpaid regular time and overtime, Acosta estimates that

17  Plaintiff will allege that she worked an average of at least ten (10) regular time

18  hours and ten (10) overtime hours a week for which she was not compensated.

19  Accordingly, during the 156-week period from December 2010 until December

20  2013, Plaintiff's estimated damages based on unpaid regular time and overtime is

21  approximately **$46,800** ([$12.00 per hour x 10 hours per week x 156 weeks] +

22  [$12.00 per hour x 10 hours per week x 1.5 overtime premium x 156 weeks]).[1]

23  _____

24      [1] Plaintiff is a current employee of Acosta.  To the extent that she claims that

25  the alleged violations are ongoing and continue through the date of a judgment being entered in this action (assuming that occurs one year from the date of the

26  filing of this action), her estimated damages using these assumptions would be an additional **$15,600** ([$12.00 per hour x 10 hours per week x 52 weeks] + [$12.00 per

27  hour x 10 hours per week x 1.5 overtime premium x 52 weeks]).

28

21.   **Business Expenses.**   Plaintiff alleges that since December 2010, Acosta has failed to indemnify her for business expenses.  *See* Complaint [Exh. A] at ¶¶ 16-19.   The Complaint does not allege any particular amount of damages related to this claim.  Rather, the Complaint simply alleges that "Plaintiff was forced to incur charges and pay for such items and articles including, but not limited to, mileage, internet connection(s), supplies, cell phone and cell phone plans and others in order to perform Plaintiff's duties."  Complaint [Exh. A] at ¶ 16.

a.   **Mileage.**   Although Acosta contends that Plaintiff has been fully and properly reimbursed for all of her business-related mileage, Plaintiff alleges that she was forced to incur charges for mileage for which Acosta promised to reimburse her for, but failed to do so.   According to Acosta's records, Plaintiff submitted mileage reimbursement requests for 20,654 business-related miles between 2011 and 2013. Derenda Decl., ¶ 8.  Below is a summary of the mileage that Plaintiff submitted to Acosta from 2011 through 2013 and what Plaintiff could potentially be owed using the Internal Revenue Service's mileage reimbursement rates:[2]

///
///
///
///
///
///

_____

[2] California law requires only that employees be reimbursed for their actual expenses reasonably and necessarily incurred.  Because of difficulties in calculating the actual expenses incurred in connection with the use of a personal vehicle for business purposes, the IRS rate is often used as a proxy.  However, it is by no means the only method for calculating the amount to be reimbursed for use of a personal vehicle.  Moreover, use of the IRS rate can (and often does) overstate the true amount of expense actually incurred.

| Year | Mileage Submitted by Plaintiff | Amount Owed Using IRS Mileage Reimbursement Rates[3] |
|---|---|---|
| 2011 | 4,933 | $2,515.83 |
| 2012 | 5,936 | $3,294.48 |
| 2013 | 9,785 | $5,528.53 |

Based on the foregoing, Acosta anticipates that the amount in controversy is no less than **$11,338.84** ($2,515.83 + $3,294.48 + $5,528.53) for alleged unreimbursed mileage during the relevant time period.

       **b.   Internet Connection, Supplies, Cell Phones, and Cell Phone Plans.**  Plaintiff does not allege the amount of expenses she incurred in connection with her work for Acosta but for which she was not reimbursed.  Nor does she specify what type of "supplies" she claims have not been reimbursed.  For purposes of this removal, Acosta conservatively anticipates that Plaintiff will allege at least $100.00 per month in total expenses for cell phones, cell phone plans, supplies and other miscellaneous expenses.  Based on this conservative estimate, the total amount in controversy for Plaintiff's claim for alleged unreimbursed expenses for Internet connection, supplies, cell phone, and cell phone plan is no less than **$3,600.00** ($100.00 x 36 months).

       22.   **Medical Expenses.**  Plaintiff alleges that, as a "legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs," and that "Plaintiff

---

[3] The IRS mileage reimbursement rates for 2011-2013 were 51 cents, 55.5 cents and 56.5 cents per mile, respectively. *See* http://www.irs.gov/uac/IRS-Announces-2011-Standard-Mileage-Rate;   http://www.irs.gov/uac/IRS-Announces-2012-Standard-Mileage-Rates,-Most-Rates-Are-the-Same-as-in-July; http://www.irs.gov/uac/Newsroom/2013-Standard-Mileage-Rates-Up-1-Cent-per-Mile-for-Business,-Medical-and-Moving.

will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown." Complaint [Exh. A], ¶¶ 22, 33, Prayer Item No. 2.   Defendant disputes that Plaintiff has suffered any such damages, that Defendant caused any such damages, or that any such damages are recoverable in this action.   Nevertheless, for purposes of this removal, the amount of any and all such medical expenses must be considered for determining the amount in controversy.   Defendant conservatively estimates that the amount in controversy for Plaintiff's past and future medical expenses is no less than **$10,000.**

23.   **Loss of Earnings.**   Plaintiff also alleges that, as a result of Defendant's conduct, she "will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained." Complaint [Exh. A], ¶¶ 23, 34, Prayer Item No. 3.   Defendant disputes that Plaintiff has suffered any loss of earnings, that Defendant caused any loss of earnings, or that any such loss of earnings are recoverable in this action.   Nevertheless, for purposes of this removal, the amount of any and all such loss of earnings must be considered for determining the amount in controversy.   Over the course of her employment with Defendant from December 2010 through the present, Plaintiff reported working an average of approximately 25 hours per week. *See* Derenda Decl., ¶ 7.   Assuming that this case proceeds to trial and a judgment is entered in Plaintiff's favor one year from the date that she filed this lawsuit, her estimated loss of earnings through the date of judgment would be **$15,600.00** ($12.00 per hour x 25 hours per week x 52 weeks).

24.   **Emotional Distress.**   Plaintiff also alleges that, as a result of Defendant's conduct, she has suffered and continues to suffer "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." Complaint [Exh. A], ¶¶ 24, 35, Prayer Item No. 1.   Defendant disputes that Plaintiff has suffered any such emotional distress, that Defendant caused any emotional distress, or that damages for

emotional distress are recoverable in this action.  Nevertheless, for purposes of this removal, the amount attributable to emotional distress must be considered for determining the amount in controversy.  Emotional distress damages awards in employment actions frequently exceed the $75,000.00 amount in controversy by themselves.  *See, e.g., Lemke v. BCI Coca-Cola of Los Angeles*, 2004 Jury Verdicts LEXIS 46138 (***$135,000.00*** emotional distress damages awarded in wrongful termination action); *Anderson v. Amer. Airlines, Inc.,* 2008 Mealey's CA Jury Verdicts & Settlements 2008 (***$1 million*** emotional distress award in federal wrongful termination action); *Grodzik v. Calif. Cons. Corps.*, 2010 Jury Verdicts LEXIS 33153 (***$100,000.00*** emotional distress award to plaintiff on retaliation claims).  In *Kroske*, *supra,* 432 F.3d at 980, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy requirement where the plaintiff's wage loss was only $55,000.  Accordingly, as in *Kroske*, Defendant conservatively estimates that the ***minimum*** value of Plaintiff's emotional distress claims will be at least **$25,000.00** for purposes of calculating the amount in controversy in this action.

25. **Punitive Damages.**  Plaintiff also seeks punitive and/or exemplary damages in connection with her claims.  *See* Complaint [Exh. A], ¶¶ 26, 37 and Prayer Item No. 13.  The Court may also consider punitive and/or exemplary damages in determining the amount in controversy where they are recoverable as a matter of law.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).  In *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process."  Utilizing the median ratio of 3:1 that *State Farm* found to be "instructive," and basing any potential punitive damages award solely on the alleged unpaid wages, the potential punitive damages amount in

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

controversy is **$337,016.52** ([$46,800.00 + $11,338.84 + $3,600.00 + $10,000.00 + $15,600.00 + $25,000.00] x 3).

26.    **Attorney's Fees.**  Plaintiff also seeks an award of attorneys' fees.  *See* Complaint [Exh. A], ¶¶ 14, 27, 38 and Prayer Item Nos. 5, 7, 8, and 10.   Where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the amount in controversy for purposes of removal.  *See Kroske, supra,* 432 F.3d at 980; *Johnson v. America Online, Inc.,* 280 F.Supp.2d 1018 (N.D. Cal. 2003).  Furthermore, the value placed on such fees is based on what would "necessarily accrue until the action is resolved." *Simmons, supra,* 209 F.Supp.2d at 1034 (noting 11 years ago that "attorneys' fees in individual discrimination cases often exceed the damages," and when viewed in combination with the pursuit of compensatory, punitive and emotional distress damages like those Plaintiff is pursuing here, the jurisdictional minimum is "clearly satisfied").    Although Defendant disputes that Plaintiff is entitled to any attorneys' fees in this action, such fees are properly included in the amount-in-controversy calculation where, as here, they are expressly pleaded in the Complaint. The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in litigation such as this action should indicate that it is "more likely than not" that the Plaintiff will be seeking an attorneys' fees award of at least **$75,000.00** if this case is litigated to judgment in a jury trial.  Based on its own litigation experience, Defendant also reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will exceed $75,000.

27.    In sum, the amount in controversy in this action is conservatively estimated, based on the information in the Complaint and the information presently known to Acosta, as follows:

///

///

///

| DAMAGES | CALCULATION | TOTAL |
|---|---|---|
| Unpaid Wages (exclusive of benefits and interest) | 156 Weeks of ten unpaid regular time hours and ten unpaid overtime hours per week | $46,800.00 |
| Mileage Reimbursement | Based on the IRS mileage reimbursement rates for 2011 through 2013 and the mileage that Plaintiff reported to Acosta | $11,338.84 |
| Internet Connection, Supplies, Cell Phones, and Cell Phone Plans | Conservative estimate of $100 per month | $3,600.00 |
| Medical Expenses | Conservative estimate of $10,000 | $10,000.00 |
| Loss of Earnings | One year of pay at Plaintiff's current hourly rate for 21 hours per week | $15,600.00 |
| Emotional Distress | Conservative estimate based on review of jury verdicts and case law | $25,000.00 |
| Punitive Damages | Three times the total compensatory damages per *State Farm* | $337,016.52 |
| Statutory Attorneys' Fees | Conservative estimate based on prior litigation experience | $75,000.00 |
| **GRAND TOTAL** | **(Compensatory Damages, Punitive Damages and Attorneys' Fees)** | **$524,355.36** |

28.    Because there is complete diversity of citizenship between Plaintiff and Acosta and because Plaintiff seeks damages in excess of the $75,000.00 jurisdictional threshold, Acosta may remove this action pursuant to 28 U.S.C.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

§§ 1332 and 1441(b).  This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.  Furthermore, this Notice of Removal is timely as it is being filed less than thirty (30) days after Acosta received a copy of Plaintiff's Complaint.

29.    Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by Acosta of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Acosta's rights, claims, remedies, and defenses in connection with this action (including without limitation issues relating to personal jurisdiction and/or service of process), all of which are hereby fully and expressly reserved.

## **VENUE**

30.    Venue lies in this Court because Plaintiff's action is pending in this district and division.  See 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Acosta, Inc. respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED:  February 12, 2014        **MCGUIREWOODS LLP**

By: _____
                Michael D. Mandel, Esq.
                Christopher A. Killens, Esq.
            Attorneys for Defendant
            ACOSTA, INC.

54328278.1

13

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On February ____, 2014, I served the following document(s) described as **[INSERT TITLE OF DOCUMENT]** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐     **BY FACSIMILE:** At approximately ____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐     **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐     **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

☐     **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February ___, 2014, at Los Angeles, CA.

_____

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**12/12/2013** at 04:01:40 PM
Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   TIMOTHY J. GONZALES, ESQ. (State Bar No. 234923)
2  MICHAEL R. FOSTAKOWSKY, ESQ.(State Bar No. 258649)
   MEGHAN E. GEORGE, ESQ. (State Bar No. 274525)
3  MANCINI & ASSOCIATES
   A Professional Law Corporation
4  15303 Ventura Boulevard, Suite 600
   Sherman Oaks, CA 91403
5
   (818) 783-5757  Phone
6  (818) 783-7710  Fax

7  Attorneys for Plaintiff **KAREN BARRICK-ALVAREZ**

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ORANGE

10

11  KAREN BARRICK-ALVAREZ,                )   Case No.   30-2013-00692554-CU-OE-CJC
                                          )
12          Plaintiff,                    )   **PLAINTIFF'S COMPLAINT FOR**
                                          )   **DAMAGES:**
13      vs.                               )
                                          )   (1)   VIOLATION OF CALIFORNIA
14                                        )         LABOR CODE §§200 ET. SEQ.
    ACOSTA, INC. which will do business in )        (Failure to Pay Wages and/or
15  California as ACOSTA SALES AND        )         Overtime Violations);
    MARKETING;                            )
16  ACOSTA SALES AND MARKETING;          )   (2)   FAILURE TO INDEMNIFY
    ACOSTA, INC.;                         )         AND PAY COSTS INCURRED
17  and DOES 1 through 100, Inclusive,    )         BY EMPLOYEE IN
                                          )         VIOLATION OF CALIFORNIA
18          Defendants.                   )         LABOR CODE §2802;
                                          )
19                                        )   (3)   VIOLATION OF CALIFORNIA
                                          )         BUSINESS AND PROFESSIONS
20                                        )         CODE §17200 ET. SEQ. (Unfair
                                          )         Business Practices).
21                                        )
                                          )   JURY TRIAL DEMANDED
22                                        )
                                          )   UNLIMITED JURISDICTION
23                                        )   DAMAGES IN EXCESS OF
                                          )   $25,000.00
24                                        )
                                              Judge Frederick P. Horn
25

26       COMES NOW Plaintiff **KAREN BARRICK-ALVAREZ** (hereinafter referred to as

27  "AMBRIZ" or "Plaintiff ") and complains against the above-named Defendants and for causes of

28  action against the Defendants, and each of them, alleges as follows:

---

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT  A

## I.

## FIRST CAUSE OF ACTION

**(For Failure to Pay Wages/Overtime Compensation in Violation of Labor Code §§200 et seq.,**

**Against All DEFENDANTS and DOES 1 -100, Inclusive)**

1. At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant ACOSTA, INC. which will do business in California as ACOSTA SALES AND MARKETING (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Orange, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant ACOSTA SALES AND MARKETING (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Orange, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant ACOSTA, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Orange, State of California.

5. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused

2 injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

3      6.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

4 herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

5 principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee

6 and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting

7 within the course and scope of said agency and employment, and that all acts or omissions alleged

8 herein were duly committed with the ratification, knowledge, permission, encouragement,

9 authorization and consent of each Defendant designated herein.

10      7.      At all times herein mentioned, Plaintiff was, and is, employed as a Special Product

11 Merchandiser by Defendants and DOES 1 through 100, Inclusive, and each of them, who were

12 also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

13      8.      Beginning in or around December 2010 and continuing to the present time, and

14 continuing, Defendants, and each of them,  failed to pay Plaintiff regular wages and/or overtime

15 wages, failed to deduct the required amounts, and failed to provide Plaintiff with the required

16 benefits.

17      9.      At all times relevant herein, Plaintiff was employed by Defendants, and each of

18 them, and was non-exempt from the requirements that Plaintiff be paid regular wages and/or

19 overtime for all hours that Plaintiff worked regularly and/or in excess of eight (8) hours in a work

20 day and in excess of forty (40) hours in a work week.

21      10.      Defendants, and each of them, violated this law by failing and refusing to keep

22 adequate time records and failing to pay Plaintiff for regular wages and/or overtime worked.

23      11.      During the period of Plaintiff's employment with Defendants, and each of them,

24 Plaintiff worked many hours of regular time and/or overtime for which Plaintiff never received

25 compensation.

26      12.      As a result of the aforesaid acts of Defendants, and each of them, Plaintiff was

27 denied wages and/or overtime and benefits to which Plaintiff was entitled, all to Plaintiff's damage

28 within the jurisdiction of this Court, subject to proof at the time of trial.  Plaintiff claims such

1  amounts as damage, together with prejudgment interest as provided by law.

2      13.    As a result of the wrongful acts of Defendants, and each of them, as alleged herein,

3  Plaintiff is entitled to treble damages and additional damages as specifically provided in California

4  Labor Code §§200 et seq., 202, 203 and 206 and any other applicable code section(s).

5      14.    As a result of the wrongful acts of Defendants, and each of them, as alleged herein,

6  Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in

7  California Labor Code §§218.5 and 1194(a)and any other applicable code section(s).

8  **II.**

9  **SECOND CAUSE OF ACTION**

10  **(Violation Of California Labor Code §2802 [Failure to Pay/Indemnify]**

11  **Against all Defendants and DOES 1-100, Inclusive)**

12      15.    Plaintiff incorporates herein by reference Paragraphs 1 through 14 as though set

13  forth in full herein.

14      16.    From December 2010 through the present time, and continuing, Plaintiff was forced

15  to incur charges and pay for such items and articles including, but not limited to, mileage, internet

16  connection(s), supplies, cell phone and cell phone plans and others in order to perform Plaintiff's

17  job duties. Defendants, and each of them, promised to reimburse Plaintiff for these items.

18      17.    California Labor Code § 2802 requires that an employer shall indemnify his or her

19  employee for all necessary expenditures or losses incurred by the employee in direct consequence

20  of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

21  even though unlawful, unless the employee, at the time of obeying the directions, believed them to

22  be unlawful.

23      18.    Defendants policy and practice of forcing their employees to pay for all the

24  described expenditures is in direct violation of California Labor Code §2802. The charges and/or

25  items and articles incurred by the work-related activities were necessary expenditure(s) incurred by

26  the employee(s) in direct consequence of the discharge of their duties.

27      19.    Plaintiff made complaints to Defendants, and each of them, of their insistence that

28  Plaintiff pay for the charges, items and articles.

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

20.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

21.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

22.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

23.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

24.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

2  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

3      25.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

4  of this court.

5      26.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7  of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

8  Defendants, and each of them, and DOES 1 through 100, and with the express knowledge, consent,

9  and ratification of managerial agents and employees of Defendants, and each of them, and DOES 1

10  through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to

11  be determined at the time of trial.

12      27.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

13  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit for enforcement as

14  specifically provided in California Labor Code §2802.

15      28.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

16  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

17  provided in California Code Of Civil Procedure §1021.5.

18  III.

19  THIRD CAUSE OF ACTION

20  (Violation Of California Business and Professions Code §17200 (Unfair Business Practices)

21  Against all Defendants and DOES 1-100, Inclusive)

22      29.    Plaintiff incorporates herein by reference Paragraphs 1 through 28 of this Complaint

23  as though set forth in full herein.

24      30.    California Business and Professions Code §17200 et seq. prohibits unfair business

25  practices by employers including, but not limited to, (1) Failing and refusing to pay employees

26  regular and/or overtime wages in violation of California Labor Code §200 et seq.; and (2) Failing

27  and refusing to pay and/or indemnify an employee for all necessary expenditures or losses incurred

28  by the employee in direct consequence of the discharge of his or her duties.

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

31.     By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

32.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

33.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

34.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

35.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

2  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

3       36.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4  this court.

5       37.  The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11       38.  As a result of the discriminatory acts of Defendants, and each of them, as alleged

12  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13  provided in California Code Of Civil Procedure § 1021.5 and California Business and Professions

14  Code §17200 et seq.

15       39.  As a result of the discriminatory acts of Defendants, and each of them, as alleged

16  herein, Plaintiff is entitled to multiple damages as specifically provided in California Business and

17  Professions Code §17200 et seq.

18       WHEREFORE, Plaintiff KAREN BARRICK-ALVAREZ, prays for judgment

19  against the Defendants, and each of them, as follows:

20       1.  For general damages in an amount within the jurisdictional limits of this

21         Court, according to proof;

22       2.  For medical expenses and related items of expense, according to proof;

23       3.  For loss of earnings, according to proof;

24       4.  For loss of earning capacity, according to proof;

25       5.  For reasonable attorneys' fees and costs of said suit as specifically provided

26         in California Code of Civil Procedure §1021.5, according to proof;

27       6.  For multiple damages and additional damages as specifically provided in

28         California Labor Code §§200 et seq., 202, 203 and 206;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

7.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Labor Code §§218.5, 510 and 1194(a);

8.   For damages, penalties and reasonable attorneys' fees and costs of suit as provided for in California Labor Code §§226.7, 512 and 558;

9.   For payment and indemnification for all necessary expenditures or losses incurred by Plaintiff in the direct consequence of the discharge of Plaintiff's duties as provided in California Labor Code §2802, according to proof;

10.  For reasonable attorneys' fees and costs of said suit as specifically provided in California Business and Professions Code §17200 et seq., according to proof;

11.  For multiple damages as specifically provided in California Business and Professions Code §17200 et seq., according to proof;

12.  For prejudgment interest, according to proof;

13.  For punitive and exemplary damages, according to proof;

14.  For costs of suit incurred herein; and

15   For such other and further relief as the court may deem just and proper.

DATED:  December 11, 2013

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
KAREN BARRICK-ALVAREZ

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** ACOSTA, INC. which will do
**(AVISO AL DEMANDADO):** business in California as ACOSTA
SALES AND MARKETING; ACOSTA SALES AND MARKETING;
ACOSTA, INC.; and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** KAREN BARRICK-ALVAREZ,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/16/2013** at 11:48:00 AM
Clerk of the Superior Court
By Olga Moreno, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ORANGE COUNTY SUPERIOR COURT
700 Civic Center Drive West
Santa Ana, CA  92701

**CASE NUMBER:**
*(Número del Caso):*
30-2013-00692554-

Judge Frederick P. Horn

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus A. Mancini, Esq.          SBN 146905    (818)783-5757    (818) 783-7710 .
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA  91403
DATE:                          ALAN CARLSON, Clerk of the Court    Clerk, by _____Olga Moreno_____, Deputy
*(Fecha)*   12/16/2013         *(Secretario)*                        Olga Moreno              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465


EXHIBIT 3

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Marcus A. Mancini, Esq.
MANCINI & ASSOCIATES
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403
TELEPHONE NO.: (818) 783-5757   FAX NO.: (818) 783-7710
ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**12/12/2013** at 04:01:40 PM
Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Santa Ana, CA 92701
CITY AND ZIP CODE:
BRANCH NAME: Central

CASE NAME: BARRICK-ALVAREZ v. ACOSTA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2013-00692554-CU-OE-CJC |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | JUDGE: Judge Frederick P. Horn |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Three (3)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 11, 2013

Marcus A. Mancini, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2013-00692554-CU-OE-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>  Frederick P. Horn | Central Justice Center | C31 | (657) 622-6878 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

# SCHEDULING INFORMATION

| **Judicial Scheduling Calendar Information** |
|---|
| Individual courtroom information and the items listed below may be found at: www.occourts.org.<br><br>Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings. |
| **Ex Parte Matters** |
| Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing. |
| **Noticed Motions** |
| * The following local Orange County Superior Court rules are listed for your convenience:<br>    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.<br>    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)<br>* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.<br>* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet. |
| **Other Information** |
| Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.<br><br>All fees and papers must be filed in the Clerk's Office of the Court Location address listed above. |

Date: 12/12/2013

Jaime Cordero _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*
Marcus A. Mancini, Esq.                    SBN : 146905
Mancini and Associates
15303 Ventura Blvd. Suite 600
Sherman Oaks, CA, 91403
TELEPHONE NO: (818) 783-5757
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff(s)              MR5757-2

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/24/2014** at 04:31:00 PM
Clerk of the Superior Court
By Jaime Cordero,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Karen Barrick-Alvarez

DEFENDANT/RESPONDENT: Acosta,Inc.,et al

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER:
30-2013-00692554-CU-OE-CJC

Ref. No. or File No.:          Dept.:
X49347                        C31

*(Seperate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      **ACOSTA, INC. which will do business in California as ACOSTA SALES AND MARKETING**

   b. ☑ Person (other than the party in item3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Becky DeGeorge(Agent for Service of Process)**

4. Address where the party was served:
   **2710 Gatway Oaks Dr, Ste 150N, Sacramento, CA, 95833**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/13/2014      (2) at *(time):* 02:19 PM
   b. ☐ **by substitute service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adapted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|



EXHIBIT E

| PLAINTIFF/PETITIONER: Karen Barrick-Alvarez | CASE NUMBER: 30-2013-00692554-CU-OE-CJC |
|---|---|
| DEFENDANT/RESPONDENT: Acosta,Inc.,et al | |

5. c. ☐ **by mail and aknowledgment of receipt of service.** I mailed the documents listed in item2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                           (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. Code Civ. Proc., § 415.40

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual
   b. ☐ as a person sued under the fictious name *(specify):*
   c. ☐ as occupant
   d. ☑ On behalf of *(specify):*  **ACOSTA, INC. which will do business in California as ACOSTA SALES AND MARKETING**
   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                    ☑ 415.95 (business organization, form unkown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7. **Person who served papers**

   a. Name:  **Tyler D'iMaria**
   b. Address:  **3436 Foothill Blvd, #144, Glendale, CA, 91214**
   c. Telephone number:  **(213) 353-9100**
   d. **The fee for service was: $85.00**
   e. I am:

      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner  ☐ employee  ☑ independent contractor.
         (ii) Registration No.: **2006-06**
         (iii) County.: **Sacramento**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal an  I certify that the foregoing is true and correct.

Date: **1 /22/2014**

**Tyler D'iMaria**
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                               _____
                               (SIGNATURE)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME:  Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE*<br><br>Jan 30, 2014<br><br>ALAN CARLSON, Clerk of the Court<br>By: **Sunny Dimas**, Deputy |
|---|---|
| PLANTIFF:Karen Barrick-Alvarez | |
| DEFENDANT:Acosta, Inc. which will do business in California as Acosta Sales and Marketing et.al. | |
| Short Title: Barrick-Alvarez vs. Acosta, Inc. which will do business in California as Acosta Sales and Marketing | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00692554-CU-OE-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>   has been scheduled for hearing on <u>04/15/2014</u> at <u>09:00:00 AM</u> in Department <u>C31</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By: _S. Dimas_ , Deputy

**EXHIBIT** _F_

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Barrick-Alvarez vs. Acosta, Inc. which will do business in California as Acosta Sales and Marketing

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2013-00692554-CU-OE-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/30/2014. The mailing occurred at Sacramento, California on 01/31/2014.

Clerk of the Court, by: _S. Dimas_ , Deputy

MANCINI & ASSOCIATES
15303  VENTURA BOULEVARD # 600
SHERMAN OAKS, CA 91403

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013a(a)

1                      **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park

4   East, 8th Floor, , Los Angeles, CA 90067-1501.  On February 12, 2014, I served the following document(s) described as:  **DEFENDANT ACOSTA, INC.'S NOTICE OF REMOVAL OF**

5   **CIVIL ACTION FROM STATE COURT**

6        on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7       Marcus A. Mancini, Esq.          *Attorneys for Plaintiff* KAREN
        Timothy J. Gonzales, Esq.         BARRICKK-ALVAREZ

8       Michael R. Fostakowsky, Esq.
        Meghan E. George, Esq.

9       MANCINI & ASSOCIATES, APLC
        15303 Ventura Boulevard, Suite 600

10      Sherman Oaks, CA  91403
       T:  818.783.5757 / F:  818.783-7710

11

12  ☒   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it

13      would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage

14      thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

15  ☐   **BY FACSIMILE:**  At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone

16      number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The

17      document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and

18      without error.

19  ☐   **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a

20      courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or

21      provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

22  ☐   **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

23

       I declare that I am employed in the office of a member of the bar of this Court at whose

24   direction the service was made.

25        Executed on February 12, 2014, at Los Angeles, CA.

26

27                          Roland Morrissette

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____James V. Selna_____ and the assigned Magistrate Judge is _____Douglas F. McCormick_____ .

The case number on all documents filed with the Court should read as follows:

## 8:14-cv-00209-JVS(DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 12, 2014

Date

By _APEDRO_

Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Karen Barrick-Alvarez

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Acosta, Inc.

**(b) County of Residence of First Listed Plaintiff** Los Angeles (CA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Duval County (FL)
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Mancini & Associates, A Professional Law Corporation
Marcus A. Mancini (SBN146905); Timothy Gonzalez (SBN 234923)
15303 Ventura Blvd, Ste 600, Sherman Oaks, CA 91403; 818-783-5757

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

McGuireWoods LLP;
Michael D. Mandel (SBN 216934); Christopher Killens (SBN 254466)
1800 Century Park East, 8th Fl.; Los Angeles, CA 90067
Tel: 310-315-8200

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**–For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV14-00209**

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes   [ ] No <br><br> If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [X] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes   [X] No <br><br> If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | A PLAINTIFF? <br><br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br><br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C <br><br> [X] only 1 answer in Column C and no answers in Column D <br><br> Your case will initially be assigned to the SOUTHERN DIVISION. <br> Enter "Southern" in response to Question D, below. <br><br> If none applies, answer question C2 to the right. ➡ | [ ] 2 or more answers in Column D <br><br> [ ] only 1 answer in Column D and no answers in Column C <br><br> Your case will initially be assigned to the EASTERN DIVISION. <br> Enter "Eastern" in response to Question D, below. <br><br> If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**:  Have any cases been previously filed **in this court** that are related to the present case?   ☐ NO   ☒ YES

If yes, list case number(s):   CV-11-01796 GAF (OPx); CV-14-180-DOC (JRPx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _____   DATE:  February 12, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |